Williams, J.
At the April term, 1888, of the Court of' Common Pleas of Hamilton County, Sol. Weil was indicted for a violation of the act of May 4, 1885 (82 Ohio L. 238) entitled “An act to regulate conditional rates and sales of personal property, and to provide for filing instruments pertaining to the same with certain officers, and making a violation thereof a misdemeanor.” After a demurrer filed by him to the indictment had been overruled, he entered a plea of guilty; and sentence being then passed upon him as provided by the statute, he prosecuted error to the circuit court, where the judgment was affirmed. The motion for leave to file a petition in error in this court, is submitted, it is said in argument, “to test the constitutionality of the statute.”
It is first suggested, rather than coutended, that the act is without force, because that clause of Section 16 of Article II of *451 the constitution, which provides that “no bill shall contain more than one subject which shall be clearly expressed in its title,” has been disregarded. If it were true, that in the enactment of this statute, the legislature failed to observe the constitutional provision referred to, the statute would not, on that account, be invalid. According to the repeated decisions of this court, that provision of the constitution relates only to bills in their progress through the general assembly, and is directory merely, being a rule prescribed for that body, to which the supervision of its observance is left. Pim v. Nicholson, 6 Ohio St. 176; State v. Covington, 29 Ohio St. 102; Oshe v. State, 37 Ohio St. 494. The suggestion of the invalidity of the statute on this ground, therefore, does not demand further consideration.
To the first section of the statute, no objection is made. That section in substance provides, that in all cases where personal property is sold to be paid for in installments, or let, hired or delivered subject to a condition that the title shall remain in the vendor, lessor, hirer, or deliverer, until payment of the sum or amount agreed on therefor, the condition shall be void as to subsequent purchasers, mortgagees in good faith, and creditors, unless it is in writing, and verified and filed as chattel mortgages are required to be. The second and third sections of the act are as follows :
“ Sec. 2. Whenever such property is so sold or leased, rented, hired or delivered, it shall be unlawful for the vendor, lessor, renter, hirer or deliverer, or his or their agent or servant, to take possession of said property without tendering or refunding to the purchaser, lessee, renter, or hirer thereof, or any party receiving the same, the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed fifty per cent, of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed.
Sec. 3. Any person violating any of the provisions of section two of this act, shall be deemed guilty of a misdemeanor, *452 and on conviction thereof, shall be fined in any sum not more than one hundred dollars.”
These two sections, it is contended, violate, (1) that clause of section twenty-eight of article two of the constitution which denies to the general 'assembly power to pass laws impairing the obligation of contracts; (2) the section of the bill of rights declaring the inviolability of private property; and (3) those provisions of the constitution which vest the judicial power of the state in courts, and require that “ all courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law.”
1. Does the statute impair the obligation of contracts? It does not in terms purport to operate retrospectively, or apply to contracts entered into before its enactment, but only to those made after it took effect. The obligation of a contract, is the duty, which the law at the time of making it, imposes upon the parties. As was said by Mr. Justice Washington in Ogden v. Saunders, 12 Wheat. 213, “ the law of the contract forms its obligation.” Judge Cooley, in his work on Constitutional Limitations, p. 346, says: “The obligation of a contract depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by one party, and the right acquired by the other.” In an interesting discussion of this subject in Smith v. Parsons, 1 Ohio, 236, it is said by Burnett, J., in the opinion of the court, that, “ The legislature has a right, by law, to regulate contracts, to determine their effect, and point out the mode of their discharge. These laws are applied to all subsequent engagements, and fix the rights of the parties at the very instant the contract is closed, so that the contract, in its inception, receives an impress from the law, and the effect of the law being co-existent with the contract, can never be said to alter or impair it. It conti nues what it was at its commencement ; and it is more correct to say that the law has in part made the contract, than that it has changed it.” Persons contracting after the passage of the statute, could not know the *453 law as one impairing the obligation of contracts in the sense of the constitution, but as an act regulating future contracts, and defining their effect. The learned judge further says: “Instead of determining the validity of the statute by reference to the alleged intention of the parties to the contract, we must fix the legal intent of the parties, as well as the nature and extent of the obligation of the contract, by reference to the statute.” And again : “ Contracts must be expounded according to the law in force at the time they were made; and the parties are as much bound by a provision contained in a law, as if that provision had been inserted in, and formed part of the contract.” The application of the law thus stated, to this case, leaves little ground for the contention that the statute in question is obnoxious to the constitutional objection under discussion. The act was passed May 4, 1885, and took effect on the 1st day of July, 1885, while the offense charged in the indictment, is that Weil, having on the 9th day of November, 1887, sold and delivered certain personal property to another, to be paid for in installments, on the 18th of February, 1888, unlawfully took possession of the property, without tendering or refunding any of the money paid him by the purchaser therefor. The contract of sale was made subsequent to the passage of the statute, and if as before seen, the statute entered into and became part of the contract when Weil sold and delivered the goods, in the manner specified in the act, he thereby agreed, as much so as if expressly stipulated in the contract, that he would not, and rightfully could not tak'e possession of them without complying with the provisions of the statute; and, having so agreed, neither compelling such compliance on his part, or holding him responsible for his failure in that behalf, in any way impairs the obligation of the contract. Eather, effect is thus given to it, and its obligation enforced, according to its terms.
2. The next-objection made to the statute is, that it violates the right of private property, by undertaking to transfer it to another, without the owner’s consent. Before the enactment of the statute, it had been held that upon sale and delivery of chattels to be paid for in future installments, it was competent *454 for the parties to contract that until full payment, the title to the property should remain in the vendor, and on failure to make such payment, the vendor might take possession of the goods, and all money paid thereon should be forfeited to him; and that under such sales, no title vested in the vendee, until he paid the entire contract price, and a bona fide purchaser from him acquired no title. Sanders v. Keber, 28 Ohio St. 630. Oppression and hardship might, and probably did grow out of such contracts. Under them, a purchaser might pay the purchase price for the goods, except an insignificant sum, and failing, for any cause to pay that, the vendor could reclaim the property, and retain the whole amount paid, thus depriving the purchaser of both the property and money. Consequences like these, no doubt, directed the attention of the legislature to the establishment of some equitable rule of adjustment between parties to such contracts. At all events, that body has deemed it proper, by the statute in question, to regulate contracts of this class, and prescribe their effect, by limiting the amount of forfeiture, a vendor may exact under them. This, as has already been shown, the legislature may do. The statute, when applied to contracts made after its adoption, does not divest the owner of his property without his consent; for, of course, if the purchaser shall pay the full purchase price of the property, it becomes' his by the agreement of the seller, and the latter has what he agreed to receive for it, its equivalent in money ; and, in case the purchaser fails to fully pay for it, the vendor’s right of property is preserved to him, with a reasonable compensation for its use by the vendee, and for any damage done to it. After the enactment of the statute prescribing the effect of the contracts specified in it, and fixing the rights of parties thereto, the defendant was at liberty, to enter into such a contract, or not; and having entered into it, the provisions of the statute pz-escribing his rights, duties and liabilities under it, became obligatozy upon him of his own choice; and if it should follow, that by reason of the limit fixed by the statute upon the amount of the purchase money he may retain and at the same time reclaizn his property, he is deprived of some *455 thing he might otherwise have exacted, it is the result of his contract to that effect, into which he voluntarily entered.
3. Again, it is contended that the statute deprives the party of his remedy by due course of law. The position taken by counsel for the motion is, that in effect, the statute prohibits the seller from maintaining an action to recover possession of the property sold, without an ascertainment first had of the amount of compensation to be paid for the use of the property by the purchaser, and, in case the property is damaged, of the amount of damages to be paid, and that, if the parties disagree upon either question, there is no tribunal provided for its determination, and he can not, therefore, have recourse to his legal remedy, without incurring the penalty of the statute, and is thus denied remedy by due course of law. This position we think, is untenable. The offense punished by the statute, is committed by a vendor, only when he, or his agent, or servant, takes possession of the property, in violation of its provisions. The institution of a suit in replevin, to have determined by judicial decision, the party’s right to the possession of the property, is not taking possession of the property by the vendor in violation of the statute. While it is true, he may thus receive the possession of the property, he docs so, only on legal process, and not until he shall have given an undertaking as required by law, which takes the place of the property, and secures to the defendant the. full value of his interest in the property, which is the amount due him under the provisions of the statute. This amount, may be regarded either as his interest in the property, or the extent of his lien upon it, and may be ascertained and secured to him by the verdict and judgment in such action. By force of the statute, his right of possession in the property continues until the seller shall tender or refund to him the sum paid on it, after deducting a reasonable compensation for its use, and for the damage done to it; while, under the provision of the replevin statute (sec. 5826, Rev. Stats.), if the jury find that the defendant had the right of possession at the commencement of the suit, they shall assess to him such damages as they think right and proper, for which, with costs of suit, the court shall render 'judgment for the defendant.
*456 4. It is further contended that the act is unconstitutional,, because it is an attempt by penal enactment to assist in the collection of a debt; the debt itself being wholly the creation of the statute. This objection is somewhat indefinite, and it is-sufficient to say respecting it, that courts do not declare statutes unconstitutional because they may regard them unwise or mischievous. The necessity of their enactment, and the policy of their provisions, alike belong to the law making power. The legislature has deemed it proper, to make it a misdemeanor, for a vendor, in the cases specified in the statute, to take possession of property contrary to its provisions, and there appears to be-no obstacle in the constitution to such legislation, so long as-the act violates no provision of the bill of right-st Adopting in this case, fhe language of White, Judge, in Morgan v. Nolte, 37 Ohio St. 23, “ the only limitations to the creation of offenses-by the legislative power, are the guaranties contained in the bill of rights, neither of which is infringed by the statute in. question.”
5. Finally it is claimed, that the second section of the act,, which makes it unlawful for the vendor of personal property sold as therein specified, to take possession of such property, without tendering or refunding to the purchaser the sum paid by him, after deducting therefrom a reasonable compensation for the use of such property, is invalid, because the amount of such compensation is uncertain, and, where the parties do not agree, no method is provided by the act for determining the-same. We are of opinion that it is not. What is a reasonable compensation under the statute, is no more uncertain than the reasonable value of services, in an action on a quantum meruit; and, if the parties are unable to agree upon the amount, it, must be settled like other disputed questions of fact.

Motion overruled..